UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

SHAWN LEE,

Plaintiff,

-against-

THE CITY OF NEW YORK, PEACE OFFICER JEFFREY LASZCZYCH, Shield No. 2549, in his Individual Capacity, PEACE OFFICER DETECTIVE MICHAEL CABASSA, Shield No. 1867, in his Individual Capacity, PEACE OFFICER SERGEANT RAUL HERNANDEZ, Shield No. 1498, in his Individual Capacity, NEW YORK CITY POLICE OFFICERS "JOHN DOE" 1-3, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

Defendants.

---

**SECOND AMENDED COMPLAINT**

13 Civ. 8019 (PGG)

JURY TRIAL DEMANDED

Plaintiff, SHAWN LEE, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Amended Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, SHAWN LEE, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK and THE ROOSEVELT ISLAND OPERATING CORPORATION (RIOC), maintain and control The Roosevelt Island Public Safety Department (RIPSD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned corporations.

9. Defendant, THE CITY OF NEW YORK, through the New York City Police Department (NYPD), maintains a joint relationship with The Roosevelt Island Operating Corporation, The Roosevelt Island Public Safety Department, and the Peace Officers of the RIPSD, whereby NYPD officers, facilities, and resources, use and are used to process arrests made by RIPSD officers, including those RIPSD officers named herein on the date of incident as detailed infra.

10. Those actions by the CITY OF NEW YORK, through its NYPD Officers, are performed without investigation, inquiry, or an independent assessment of probable cause.

11. The incidents comprising the factual basis for plaintiff's claims were performed by the above named RIPSD Officers jointly and in conjunction with the CITY OF NEW YORK, and the above named NYPD Police Officers and NYC Corrections Officers.

12. At all times hereinafter mentioned, the individually named defendants, PEACE OFFICER JEFFREY LASZCZYCH, PEACE OFFICER DETECTIVE MICHAEL CABASSA, PEACE OFFICER SERGEANT RAUL HERNANDEZ, NEW YORK CITY POLICE OFFICERS "JOHN DOE" 1-3, were duly sworn police and officers of said department and were acting under the supervision of said department and according to their official duties.

13. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the Roosevelt Island Operating Corporation and/or THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by the Roosevelt Island Operating Corporation and THE CITY OF NEW YORK.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by the Roosevelt Island Operating Corporation and THE CITY OF NEW YORK.

**FACTS**

16. On or about December 15, 2012, at approximately 10:55 p.m., plaintiff SHAWN LEE, was lawfully present in front of 580 Main Street on Roosevelt Island in the County and State of New York.

17. At that time and place, the individually named Peace Officers approached plaintiff,

punched him in the face, and immediately handcuffed his arms tightly behind his back.

18. At no time on December 15, 2012 did plaintiff commit any crime or violation of law.

19. At no time on December 15, 2012 did defendants possess probable cause to arrest plaintiff.

20. At no time on December 15, 2012 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

21. The force employed by defendant Peace Officers against the plaintiff on December 15, 2012 was unprovoked, unreasonable, unnecessary to secure plaintiff's arrest, and otherwise unprivileged.

22. Defendant Peace Officers thereafter transported plaintiff to a nearby NYPD police precinct.

23. In connection with his arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

24. As a result of the defendants' conduct, the plaintiff was charged with Obstructing Governmental Administration in the Second Degree.

25. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

26. Specifically, defendants falsely, knowingly, and maliciously alleged that plaintiff interfered with the defendants' arrest of another individual.

27. As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately 60 hours in custody.

28. Additionally, as a direct result of the defendants' unlawful actions, plaintiff spent approximately nine months making numerous court appearances.

29. Despite defendants' actions, all charges against plaintiff, SHAWN LEE, were

dismissed on September 23, 2013.

30. As a result of the foregoing, plaintiff SHAWN LEE sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff, SHAWN LEE, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police, peace, or corrections officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police, peace, or corrections officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK, The Roosevelt Island Operating Corporation, the New York City Police Department, and the Roosevelt Island Public Safety Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36. Defendants, collectively and individually, while acting under color of state law, engaged in joint activity, without independent analysis or oversight, so that the actions of the Roosevelt Island Operating Corporation and all of its employees and agents as detailed herein, may

be attributed to the CITY OF NEW YORK and the New York City Police Department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in joint activity, without independent analysis or oversight, so that the actions of the CITY OF NEW YORK and the New York City Police Department and all of its employees and agents as detailed herein, may be attributed to the Roosevelt Island Operating Corporation and the Roosevelt Island Public Safety Department.

## FIRST CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

39. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege, or consent.

40. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## SECOND CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

42. Defendants misrepresented and falsified evidence before the New York County District Attorney.

43. Defendants did not make a complete and full statement of facts to the District Attorney.

44. Defendants withheld exculpatory evidence from the District Attorney.

45. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, SHAWN LEE.

46. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, SHAWN LEE.

47. Defendants acted with malice in initiating criminal proceedings against plaintiff, SHAWN LEE.

48. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, SHAWN LEE.

49. Defendants lacked probable cause to continue criminal proceedings against plaintiff, SHAWN LEE.

50. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

51. Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff obstructed governmental administration on December 15, 2012.

52. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about September 23, 2013 when the charges against him were dismissed in their entirety.

53. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and his constitutional rights were violated.

## THIRD CLAIM FOR RELIEF
## FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

54. Plaintiff, SHAWN LEE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

55. The force employed by the individually named RIOC defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

56. As a result of the foregoing, plaintiff, SHAWN LEE, suffered a laceration and bruising to his face causing him to fear for his safety and suffer violation of his constitutional rights.

**FOURTH CLAIM FOR RELIEF**
**FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

57. Plaintiff, SHAWN LEE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

58. Defendants arrested and incarcerated plaintiff, SHAWN LEE, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

59. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police/peace officers and officials, with all the actual and/or apparent authority attendant thereto.

60. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police/peace officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the Roosevelt Island Operating Corporation, all under the supervision of ranking officers of said department.

61. Those customs, policies, patterns, and practices include, but are not limited to:

i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers; and

iv. failing to properly train police/peace officers in the requirements of the

United States Constitution; and

v. acting jointly with one another, without independent oversight or investigation, to arrest and detain individuals prior to arraignment.

62. The aforementioned customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK, and The Roosevelt Island Operating Corporation, directly cause, *inter alia*, the following unconstitutional practices:

i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

ii. arresting individuals regardless of probable cause in order to affect precinct-wide statistics;

iii. falsifying evidence and testimony to support those arrests; and

iv. falsifying evidence and testimony to cover up police misconduct.

63. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK, and The Roosevelt Island Operating Corporation, constitute deliberate indifference to the safety, well-being and constitutional rights of plaintiff, SHAWN LEE.

64. The foregoing customs, policies, usages, practices, procedures and rules THE CITY OF NEW YORK, and The Roosevelt Island Operating Corporation, were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK, and The Roosevelt Island Operating Corporation, were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

66. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK, and The Roosevelt Island Operating Corporation, plaintiff was incarcerated unlawfully.

67. Defendants, collectively and individually, while acting under color of state law, were

directly and actively involved in violating the constitutional rights of plaintiff.

68. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police/peace officers, and were directly responsible for the violation of plaintiff's constitutional rights.

69. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**PENDANT STATE CLAIMS**

70. Plaintiff, SHAWN LEE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

71. On or about January 30, 2013, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendants, THE CITY OF NEW YORK and The Roosevelt Island Operating Corporation Notices of Claim setting forth all facts and information required by the applicable statutes.

72. Defendants THE CITY OF NEW YORK The Roosevelt Island Operating Corporation have wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

73. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on November 1, 2013.

74. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

75. Plaintiff has complied with all conditions precedent to maintaining the instant action.

76. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

**FIFTH CLAIM FOR RELIEF**
**FOR ASSAULT AND BATTERY UNDER NEW YORK LAW**

77. Plaintiff, SHAWN LEE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

78. At the aforesaid place and time, the individually named defendants did cause plaintiff, SHAWN LEE, to be unlawfully assaulted and battered, without cause or provocation.

79. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendants, THE CITY OF NEW YORK and The Roosevelt Island Operating Corporation.

80. As a result of the aforesaid assault and battery, plaintiff, SHAWN LEE, was injured, both physically and mentally.

**SIXTH CLAIM FOR RELIEF**
**FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW**

81. Plaintiff, SHAWN LEE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

82. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

83. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

84. As a result of the foregoing plaintiff, SHAWN LEE, was caused to sustain physical and emotional injuries.

**SEVENTH CLAIM FOR RELIEF**
**FOR RELIEF UNDER N.Y. STATE LAW**
**MALICIOUS PROSECUTION**

85. Plaintiff, SHAWN LEE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

86. Defendants misrepresented and falsified evidence before the New York County District Attorney.

87. Defendants did not make a complete and full statement of facts to the District Attorney.

88. Defendants withheld exculpatory evidence from the District Attorney.

89. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, SHAWN LEE.

90. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, SHAWN LEE.

91. Defendants acted with malice in initiating criminal proceedings against plaintiff, SHAWN LEE.

92. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, SHAWN LEE.

93. Defendants lacked probable cause to continue criminal proceedings against plaintiff, SHAWN LEE.

94. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

95. Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff obstructed governmental administration.

96. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal

proceedings were terminated in plaintiff's favor on or about September 23, 2013 when the charges against him were dismissed.

97. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, he was humiliated, and his constitutional rights were violated.

**EIGHTH CLAIM FOR RELIEF**
**UNDER N.Y. STATE LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

98. Plaintiff, SHAWN LEE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

99. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

100. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK and The Roosevelt Island Operating Corporation.

101. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK and The Roosevelt Island Operating Corporation.

102. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

103. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**NINTH CLAIM FOR RELIEF**
**UNDER N.Y. STATE LAW**
**NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

104. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

105. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police/Peace Department, including the defendants individually named above.

106. Defendant, CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police/Peace Department including the defendants individually named above.

107. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
May 5, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

DOCKET NO. 13 CIV 8019 (PGG)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEWYORK

SHAWN LEE,

Plaintiff,

-against-

THE CITY OF NEWYORK, THE ROOSEVELT ISLAND OPERATING CORPORATION, PEACE OFFICER JEFFREY LASCZYCH, Shield No.2549, Individually and in his Official Capacity, and PEACE OFFICERS "JOHN DOE" 1-5, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

Defendants.

**AMENDED SUMMONS AND COMPLAINT**

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
***Attorneys for Plaintiff***
**80 Maiden Lane, 12th Floor**
**New York, New York 10038**
**(212) 962-1020**

TO: The City of New York
c/o New York City Law Dept
100 Church Street
New York, New York 10007

Peace Officer Jeffrey Laszych, Shield No. 2549
c/o Roosevelt Island Operating Corporation
591 Main Street
Roosevelt Island, New York 10044

Peace Officer Detective Michael Cabassa, Shield No. 1867
c/o Roosevelt Island Operating Corporation
591 Main Street
Roosevelt Island, New York 10044

Peace Officer Sergeant Raul Hernandez, Shield No. 1498
c/o Roosevelt Island Operating Corporation
591 Main Street
Roosevelt Island, New York 10044

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Matthew Shroyer